ORIGINAL

R E C E I V E D
MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

OCT 17 2014

FILED _____ 10|17|14
DOCKETED _____ 10|20|14
DATE        INITIAL

# UNITED STATES COURT OF APPEALS

# FOR THE NINTH CIRCUIT

Aaron Wagner, et al.,

        *Plaintiffs-Petitioners,*

    v.

Hitachi, Ltd. et al.,

        *Defendants-Respondents.*

No. 14-80150

## MOTION TO FILE DOCUMENTS UNDER SEAL

Pursuant to the Circuit Rule 27-13, Plaintiffs-Petitioners Indirect Purchaser Plaintiffs request permission to file under seal the Appendix to the Indirect Purchaser Plaintiffs' Petition for Permission to Appeal from Order Denying Class Certification because it contains information designated by defendants as "Confidential," or "Confidential-Restricted" under the Stipulated Protective Order ("Protective Order") in place in this action.[1] The Protective Order in this action requires that information designated as confidential "qualify for protection under Federal Rule of Civil Procedure 26(c)."[2] In turn, under Rule 26(c), a Court may require "that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." [3]

This case involves the rights of thousands of consumers across the country – consumers who should have the ability to see the issues being litigated in this case. The information contained in the appendix is exactly the type of information that should be available for the public to review. Defendants' over-designation not only

---

[1]    Revised Stipulated Protective Order dated June 25, 2013 is attached hereto.

[2]    *Id.*, ¶ 2.2.

[3]    Fed. R. Civ. P. 26(c)(G).

-1-

blocks the public's access to these documents, but also places an extraordinary burden on both plaintiffs and the Court through the overuse of sealed filings.[4]

DATED: October 17, 2014

HAGENS BERMAN SOBOL SHAPIRO LLP

By _____

JEFF D. FRIEDMAN

Shana E. Scarlett (217895)
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
jefff@hbsslaw.com
shanas@hbsslaw.com

Steve W. Berman (*Pro Hac Vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com

*Plaintiffs-Petitioners Indirect Purchaser Plaintiffs*

---

[4] *See Humphreys v. Regents of the Univ. of Cal.*, No. C-04-03808, 2006 U.S. Dist. LEXIS 79044, at *5 (N.D. Cal. Oct. 23, 2006). ("Improperly designating documents as confidential places an enormous burden on both the parties and, through the overuse of sealed filings, on the Court.").

-2-

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **IN RE OPTICAL DISK DRIVE PRODUCTS ANTITRUST LITIGATION** | MDL No. 2143 |
| | Case No. 3:10-md-2143 RS |
| This Document Relates to: | |
| ALL ACTIONS | **REVISED [PROPOSED] STIPULATED PROTECTIVE ORDER** |

## 1.   PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting or defending this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Paragraph 13.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

## 2.   DEFINITIONS

2.1   <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2   <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3   <u>Counsel (without qualifier)</u>: Outside Counsel of Record and In-House Legal Personnel (as well as their support staff, including but not limited to attorneys, paralegals, secretaries, law clerks, and investigators).

2.4   <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.5   <u>Direct Action Plaintiff</u>: an individual or corporation bringing a non class-action proceeding regarding an antitrust conspiracy in the ODD industry, which action has been either (i) ordered transferred to this MDL by the Judicial Panel for Multidistrict Litigation, or (ii) ordered "related" under Civil Local Rule 3-12.

1    2.6    <u>Disclosure or Discovery Material</u>: all items or information, regardless of the

2    medium or manner in which it is generated, stored, or maintained (including, among other

3    things, documents, testimony, transcripts, and tangible things), that are produced or generated

4    in disclosures or responses to discovery in this matter.

5    2.7    <u>Expert and/or Consultant</u>: a person with specialized knowledge or experience

6    in a matter pertinent to the litigation, along with his or her employees and support personnel,

7    who (1) has been retained by a Party or its counsel to serve as an expert witness or as a

8    consultant in this action, (2) is not a current employee of a Party or of a Party's competitor,

9    and (3) at the time of retention, is not anticipated to become an employee of a Party or of a

10   Party's competitor. The Parties are not prohibited from retaining an Expert and/or Consultant

11   who is a former employee of a Party or of a Party's competitor, provided that, at least five

12   business days prior to retention, Counsel intending to retain such Expert and/or Consultant

13   shall provide written notice to Counsel for the Party which had previously employed such

14   person, in order to allow that Party an opportunity to protect itself and the confidentiality of

15   any information which such prospective Expert and/or Consultant may have obtained during

16   his or her employment. The Party receiving such notice shall have 30 days to seek judicial

17   intervention with respect to legitimate issues concerning the protection of any confidential

18   information which such Expert and/or Consultant may have obtained during his or her

19   employment. The definition of Expert and/or Consultant includes a professional jury or trial

20   consultant retained in connection with this litigation.

21   2.8    <u>In-House Legal Personnel</u>: attorneys and other personnel employed by a Party

22   to perform legal functions who are responsible for overseeing this litigation for the Party. In-

23   House Legal Personnel does not include Outside Counsel of Record or any other outside

24   counsel.

25   2.9    <u>Non-Party</u>: any natural person, partnership, corporation, association, or other

26   legal entity not named as a Party to this action.

27   2.10   <u>Outside Counsel of Record</u>: attorneys, along with their paralegals, and other

28   support personnel, who are not employees of a party to this action but are retained to represent

1    or advise a party to this action and have appeared in this action on behalf of that party or are

2    affiliated with a law firm which has appeared on behalf of that party, and, in the case of the

3    State of Florida, the Attorney General's office, including its attorneys, paralegals and other

4    support personnel.

5         2.11    Party: any party to this action, including all of its officers, directors, and

6    employees.

7         2.12    Producing Party: a Party or Non-Party that produces Disclosure or Discovery

8    Material in this action.

9         2.13    Professional Vendors: persons or entities that provide litigation support services

10   (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and

11   organizing, storing, or retrieving data in any form or medium) and their employees and

12   subcontractors.

13        2.14    Protected Material: any Disclosure or Discovery Material that is designated as

14   "CONFIDENTIAL." Such material is referred to as designated for "protection."

15        2.15    Receiving Party: a Party that receives Disclosure or Discovery Material from a

16   Producing Party.

17   **3.    SCOPE**

18        The protections conferred by this Stipulation and Protective Order cover not only

19   Protected Material (as defined above), but also (1) any information copied or extracted from

20   Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material;

21   and (3) any testimony, conversations, or presentations by Parties or their Counsel that might

22   reveal Protected Material. However, the protections conferred by this Stipulation and

23   Protective Order do not cover the following information: (a) any information that is in the

24   public domain at the time of disclosure to a Receiving Party or becomes part of the public

25   domain after its disclosure to a Receiving Party as a result of publication not involving a

26   violation of this Order, including becoming part of the public record through trial or

27   otherwise; and (b) any information known to the Receiving Party prior to the disclosure or

28   obtained by the Receiving Party after the disclosure from a source who obtained the

1  information lawfully and under no obligation of confidentiality to the Designating Party. Any

2  use of Protected Material at trial shall be governed by a separate agreement or order.

3  **4.    DURATION**

4  Even after final disposition of this litigation, the confidentiality obligations imposed

5  by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a

6  court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal

7  of all claims and defenses in this action, with or without prejudice; and (2) final judgment

8  herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or

9  reviews of this action, including the time limits for filing any motions or applications for

10  extension of time pursuant to applicable law.

11  **5.    DESIGNATING PROTECTED MATERIAL**

12  5.1    Exercise of Restraint and Care in Designating Material for Protection. Each

13  Party or Non-Party that designates information or items for protection under this Order must

14  take care to limit any such designation to specific material that qualifies under the appropriate

15  standards.

16  Mass, indiscriminate, or routinized designations are prohibited. Designations that are

17  shown to be clearly unjustified or that have been made for an improper purpose (e.g., to

18  unnecessarily encumber or retard the case development process or to impose unnecessary

19  expenses and burdens on other parties) expose the Designating Party to sanctions.

20  If it comes to a Designating Party's attention that information or items that it

21  designated for protection do not qualify for protection at all or do not qualify for the level of

22  protection initially asserted, that Designating Party must promptly notify all other parties that

23  it is withdrawing the mistaken designation.

24  5.2    Manner and Timing of Designations. Except as otherwise provided in this

25  Order (see, e.g., paragraph 5.2(a), below), or as otherwise stipulated or ordered, material that

26  qualifies for protection under this Order must be clearly so designated before the material is

27  disclosed or produced. Notwithstanding the preceding sentence, should a Producing Party

28  discover that it produced material that was not designated as Protected Material or that it

1   produced material that was designated as Protected Material but had designated that Protected

2   Material in the incorrect category of Protected Material, the Producing Party may notify all

3   Parties, in writing, of the error and identifying (by bates number or other individually

4   identifiable information) the affected documents and their new designation or re-designation.

5   Thereafter, the material so designated or re-designated will be treated as Protected Material.

6   Promptly after providing such notice, the Producing Party shall provide re-labeled copies of

7   the material to each Receiving Party reflecting the change in designation. The Receiving Party

8   will replace the incorrectly designated material with the newly designated materials and will

9   destroy the incorrectly designated materials.

10       Designation in conformity with this Order requires:

11       (a)    for information in documentary form (e.g., paper or electronic documents, but

12   excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing

13   Party affix the legend "CONFIDENTIAL" to each page that contains protected material.

14       A Party or Non-Party that makes original documents or materials available for

15   inspection need not designate them for protection until after the inspecting Party has indicated

16   which material it would like copied and produced, provided that the Party or Non-Party has

17   not reviewed those original documents or materials prior to such inspection. During the

18   inspection and before the designation, all of the material made available for inspection shall

19   be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it

20   wants copied and produced, the Producing Party must determine which documents, or

21   portions thereof, qualify for protection under this Order. Then, before producing the specified

22   documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL") to

23   each page that contains Protected Material.

24       (b)    for testimony given in deposition or in other pretrial or trial proceedings, that

25   the Designating Party identify on the record, before the close of the deposition, hearing, or

26   other proceeding, all protected testimony and specify the level of protection being asserted.

27   When it is impractical to identify separately each portion of testimony that is entitled to

28   protection and it appears that substantial portions of the testimony may qualify for protection,

1    the Designating Party may invoke on the record (before the deposition, hearing, or other

2    proceeding is concluded) a right to have up to 21 days after receipt of the draft transcript to

3    identify the specific portions of the testimony as to which protection is sought and to specify

4    the level of protection being asserted. Only those portions of the testimony that are

5    appropriately designated for protection within the 21 days shall be covered by the provisions

6    of this Stipulated Protective Order. Alternatively, a Designating Party may specify, at the

7    deposition or up to 21 days afterwards if that period is properly invoked, that the entire

8    transcript shall be treated as "CONFIDENTIAL," provided such designation does not violate

9    paragraph 5.1 above.

10          Parties shall give the other parties notice if they reasonably expect a deposition,

11    hearing or other proceeding to include Protected Material so that the other parties can ensure

12    that only authorized individuals who have signed the "Acknowledgment and Agreement to Be

13    Bound" (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a

14    deposition shall not in any way affect its designation as "CONFIDENTIAL."

15          Transcripts containing Protected Material shall have an obvious legend on the title

16    page that the transcript contains Protected Material, and the title page shall be followed by a

17    list of all pages (including line numbers as appropriate) that have been designated as Protected

18    Material and the level of protection being asserted by the Designating Party. The Designating

19    Party shall inform the court reporter of these requirements. Any transcript that is prepared

20    before the expiration of a 21-day period for designation shall be treated during that period as

21    if it had been designated "CONFIDENTIAL" in its entirety unless otherwise agreed. After the

22    expiration of that period, the transcript shall be treated only as actually designated.

23          (c)     for information produced in some form other than documentary and for any

24    other tangible items, that the Producing Party affix in a prominent place on the exterior of the

25    container or containers in which the information or item is stored the legend

26    "CONFIDENTIAL."

27          5.3     Inadvertent Failures to Designate. If corrected, an inadvertent failure to

28    designate qualified information or items does not, standing alone, waive the Designating

1  Party's right to secure protection under this Order for such material. If material is re-

2  designated as "Confidential" after the material was initially produced, the Receiving Party,

3  upon notification of the designation, must make reasonable efforts to assure that the material

4  is treated in accordance with the provisions of this Order.

5      5.4    Increasing the Designation of Information or Items Produced by Other Parties

6  or Non-Parties. Subject to the standards of paragraph 5.1, a Party may increase the designation

7  (i.e., change any Disclosure or Discovery Material produced without a designation to a

8  designation of "Confidential") of any Disclosure or Discovery Material produced by any other

9  Party or non-Party, provided that said Disclosure or Discovery Material contains the upward

10  Designating Party's own Confidential Information. Any such increase in the designation of a

11  document shall be made within 90 days of the date of its production, unless good cause is

12  shown for a later increase in the designation.

13      Increasing a designation shall be accomplished by providing written notice to all

14  Parties identifying (by bates number or other individually identifiable information) the

15  Disclosure or Discovery Material whose designation is to be increased. Promptly after

16  providing such notice, the upward Designating Party shall provide re-labeled copies of the

17  material to each Receiving Party reflecting the change in designation. The Receiving Party

18  will replace the incorrectly designated material with the newly designated materials and will

19  destroy the incorrectly designated materials. Any Party may object to the increased

20  designation of Disclosure or Discovery Materials pursuant to the procedures set forth in

21  paragraph 6 regarding challenging designations. The upward Designating Party shall bear the

22  burden of establishing the basis for the increased designation.

23      **6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS.**

24      6.1    Timing of Challenges. Unless a prompt challenge to a Designating Party's

25  confidentiality designation is necessary to avoid foreseeable, substantial unfairness,

26  unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party

27  does not waive its right to challenge a confidentiality designation by electing not to mount a

28  challenge promptly after the original designation is disclosed.

6.2     Meet and Confer. A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by notifying the Designating Party in writing of its challenge and identify the challenged material; however, if the Challenging Party is challenging mass designations or designations of similar groups or categories of information, the Challenging Party need only provide an example of such designation and the basis for challenge, as well as an adequate description of the groups or categories of information challenged (e.g., by Bates number). With respect to challenges of similar groups or categories of documents, the Challenging Party shall describe the group or category of challenged documents with sufficient specificity, including by use of specific document examples or bates ranges, so that the Designating Party can determine which documents are subject to challenge. The Parties must meet and confer in good faith. Each Party must explain the basis for its respective position about the propriety of the challenged confidentiality designations.

The parties shall have fourteen (14) days from the initial notification of a challenge to complete this meet and confer process.

6.3     Judicial Intervention. If the parties are not able to resolve a dispute about confidentiality designation within the time provided in paragraph 6.2, above, the parties shall, within 10 days of the expiration of the time period provided in paragraph 6.2, prepare and present to the Court a joint letter, briefly outlining the disputed issue, and requesting a telephone conference or in-person meeting with the Court. The parties shall thereafter present to the Court, during the telephone conference or in-person meeting, their respective positions about the propriety of the challenged confidentiality designations. The procedure for resolving the dispute, including the need for any briefing, shall be determined by the Court during the telephone conference or in-person meeting.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. Until the ruling on the dispute becomes final, all parties shall

1  continue to afford the material in question the level of protection to which is entitled under the

2  Designating Party's designation. In the event that the final ruling is that the challenged

3  material is not confidential, the Designating Party shall reproduce copies of all materials with

4  their designations removed within thirty (30) days of such ruling at the expense of the

5  Designating Party.

6       If the parties do not submit a joint letter to the Court as set forth in this paragraph, the

7  confidentiality designations being challenged shall be deemed waived.

8       **7.    ACCESS TO AND USE OF PROTECTED MATERIAL.**

9       7.1    <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed

10  or produced by another Party or by a Non-Party in connection with this case only for

11  prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be

12  disclosed only to the categories of persons and under the conditions described in this Order.

13  When the litigation has been terminated, a Receiving Party must comply with the provisions of

14  paragraph 14 below (FINAL DISPOSITION).

15       Protected Material must be stored and maintained by a Receiving Party at a location

16  and in a secure manner that ensures that access is limited to the persons authorized under this

17  Order. For purposes of this Order, a secure website, or other internet-based document

18  depository with adequate security, shall be deemed a secure location.

19       7.2    <u>Disclosure of "Confidential" Information or Items</u>. Unless otherwise ordered

20  by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose

21  any information or item designated "Confidential" only to:

22       (a)    Any Outside Counsel of Record as defined in this Order, as well as employees

23  of said Outside Counsel of Record to whom it is reasonably necessary to disclose the

24  information for this litigation;

25       (b)    any putative Class Representative plaintiff named in this action;

26       (c)    a Receiving Party's current or former officers, directors, and employees

27  (including In-House Legal Personnel) to whom disclosure is reasonably necessary for this

28  litigation and who have signed the "Agreement To Be Bound by Protective Order" (Exhibit

1   A). Notwithstanding the foregoing, and solely with respect to a Receiving Party defendant or

2   Direct Action Plaintiff, information or items designated as "Confidential – Restricted" may

3   not be disclosed to any Receiving Party defendant's or Direct Action Plaintiff's officers,

4   directors or employees (including In-House Legal Personnel) who have involvement in

5   competitive decision-making[1] or in patent prosecutions[2] of products involved in this action.

6   However, nothing in this subparagraph shall be construed as restricting, or otherwise limiting,

7   the use of any information or items designated as "Confidential" or "Confidential-Restricted"

8   at any deposition or court hearing, subject to the requirements in subparagraph (h), below;

9            (d)      Experts and/or Consultants with respect to each of whom (1) disclosure is

10   reasonably necessary for this litigation, and (2) an "Agreement To Be Bound by Protective

11   Order" (Exhibit A) has been signed;

12           (e)      the Court and its personnel;

13           (f)      stenographers, their staffs, and Professional Vendors to whom disclosure is

14   reasonably necessary for this litigation and who have signed the "Agreement To Be Bound by

15   Protective Order" (Exhibit A);

16           (g)      the author, addressees, or recipients of the document, or the original source of

17   the information;

18           (h)      witnesses in the action to whom disclosure is reasonably necessary for this

19   litigation and who have signed the "Agreement To Be Bound by Protective Order" (Exhibit

20   A), and provided that, consistent with paragraph 5.2(b), pages of transcribed deposition

21   testimony or exhibits to depositions that reveal Confidential Information must be marked

---

[1]   The term "competitive decision making," as used in Paragraph 7.2(c), means decision making concerning ODDs or ODD Products business strategy (including setting prices, product development, business plans and marketing), except that it is understood that a Receiving Party defendant or Direct Action Plaintiff may disclose information or items designated as "Confidential-Restricted" to any In-House Legal Personnel who may provide legal advice regarding pricing issues (such as, by way of example, advice on Robinson-Patman compliance).

[2]   The term "patent prosecutions," as used in Paragraph 7.2(c), refers to legal work relating to applications for the grant and/or amendment of a patent, and does not refer to patent litigation. A Receiving Party defendant may disclose information or items designated as "Confidential-Restricted" to its officers, directors or employees (including In-House Legal Personnel) even if they are involved in patent litigation for products involved in this action.

1   "Confidential" and separately bound by the court reporter, and may not be disclosed to anyone

2   except as permitted under this Stipulated Protective Order; and

3        (i)     any other person to whom the Designating Party agrees in writing or on the

4   record, and any other person to whom the Court compels access to the Confidential

5   Information.

6        7.3     <u>Retention of Exhibit A</u>. Outside Counsel for the Party that obtains the signed

7   "Agreements To Be Bound by Protective Order" (Exhibit A), as required above, shall retain

8   them for one year following the final termination of this action, including any appeals, and

9   shall make them available to other Parties upon good cause shown.

10        7.4     <u>Retention of Protected Material</u>. Persons who have been shown Protected

11   Material pursuant to Paragraph 7.2(b), (f), or (g), or Paragraph 7.3 (e), (f), or (h) shall not

12   retain copies of such Protected Material.

13        7.5     <u>Access to the Parties' Disclosure or Discovery Material by the State of Florida</u>.

14   The State of Florida is granted access to the Parties' Disclosure or Discovery Material, *nunc*

15   *pro tunc* to May 31, 2013.

16        **8.**     **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED**

17              **IN OTHER LITIGATION.**

18        If a Receiving Party is served with a discovery request, subpoena or an order issued in

19   other litigation or proceedings that would compel disclosure of any information or items

20   designated in this action as "Confidential," the Receiving Party must:

21        (a)     notify in writing, as soon as reasonably practicable, the Designating Party.

22   Such notification shall include a copy of the subpoena or court order;

23        (b)     notify in writing, as soon as reasonably practicable, the party who caused the

24   subpoena or order to issue in the other litigation that some or all of the material covered by the

25   subpoena or order is subject to this Protective Order. Such notification shall include a copy of

26   this Stipulated Protective Order; and

27        (c)     cooperate with respect to all reasonable procedures sought to be pursued by the

28   Designating Party whose Protected Material may be affected.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material - and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

**9.      UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL.**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement To Be Bound" that is attached hereto as Exhibit A.

**10.      INADVERTENTLY PRODUCED DOCUMENTS.**

If a Party at any time notifies any other Party that it inadvertently produced documents, testimony, information, and/or things that are protected from disclosure under the attorney-client privilege, work product doctrine, and/or any other applicable privilege or immunity from disclosure, or the Receiving Party discovers such inadvertent production, the inadvertent production shall not be deemed a waiver of the applicable privilege or protection. The Receiving Party shall immediately return all copies of such documents, testimony, information and/or things to the inadvertently producing Party and shall not use such items for any purpose until further order of the Court. In all events, such return must occur within three (3) business days of receipt of notice or discovery of the inadvertent production. The return of

1   any discovery item to the inadvertently producing Party shall not in any way preclude the

2   Receiving Party from moving the Court for a ruling that the document or thing was never

3   privileged.

4       **11.**    **ATTORNEY RENDERING ADVICE.**

5       Nothing in this Protective Order will bar or otherwise restrict an attorney from

6   rendering advice to his or her client with respect to this matter or from relying upon or

7   generally referring to "Confidential" Disclosure or Discovery Material in rendering such

8   advice; provided however, that in rendering such advice or in otherwise communicating with

9   his or her client, the attorney shall not reveal or disclose the specific content thereof if such

10  disclosure is not otherwise permitted under this Protective Order.

11      **12.**    **DISPOSITIVE MOTION HEARINGS AND TRIAL.**

12      The terms of this Protective Order shall govern in all circumstances except for

13  presentations of evidence and argument at hearings on dispositive motions and at trial. The

14  parties shall meet and confer in advance of such proceedings and seek the guidance of the

15  Court as to appropriate procedures to govern such proceedings.

16      **13.**    **MISCELLANEOUS.**

17      13.1    <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person

18  to seek its modification by the Court in the future.

19      13.2    <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective

20  Order no Party waives any right it otherwise would have to object to disclosing or producing

21  any information or item on any ground not addressed in this Stipulated Protective Order.

22  Similarly, no Party waives any right to object on any ground to use in evidence of any of the

23  material covered by this Protective Order.

24      13.3    <u>Filing Protected Material</u>. Without written permission from the Designating

25  Party or a court order secured after appropriate notice to all interested persons, a Party may

26  not file in the public record in this action any Protected Material. A Party that seeks to file

27  under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material

28  may only be filed under seal pursuant to a court order authorizing the sealing of the specific

1  Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only

2  upon a request establishing that the Protected Material at issue is privileged, protectable as a

3  trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to

4  file Protected Material under seal pursuant to Civil Local Rule 79-5(d) is denied by the court,

5  then the Receiving Party may file the Protected Material in the public record pursuant to Civil

6  Local Rule 79-5(e) unless otherwise instructed by the court.

7      **14.**    **FINAL DISPOSITION**

8          Unless otherwise ordered by the Court or agreed in writing by the Designating Party,

9  within thirty days after the final termination of this action, including any appeals, each

10  Receiving Party must return all Protected Material to the Producing Party. As used in this

11  subdivision, "Protected Material" includes all copies, abstracts, compilations, summaries or

12  any other form of reproducing or capturing any of the Protected Material. The Receiving Party

13  may destroy some or all of the Protected Material instead of returning it. Whether the

14  Protected Material is returned or destroyed, the Receiving Party must submit a written

15  certification to the Producing Party (and, if not the same person or entity, to the Designating

16  Party) by the thirty day deadline that identifies (by category, where appropriate) all the

17  Protected Material that was returned or destroyed and that affirms that the Receiving Party has

18  not retained any copies, abstracts, compilations, summaries or other forms of reproducing or

19  capturing any of the Protected Material. Notwithstanding this provision, Outside Counsel are

20  entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal

21  memoranda, correspondence or attorney work product, even if such materials contain

22  Protected Material. Any such archival copies that contain or constitute Protected Material

23  remain subject to this Protective Order as set forth in Paragraph 4 (DURATION), above

24      **IT IS SO STIPULATED.**

25  DATED:  June 24, 2013            HAGENS BERMAN SOBOL SHAPIRO LLP

26

27              By       /s/ Jeff D. Friedman

28                  JEFF D. FRIEDMAN

1
2
3
4
5

Shana E. Scarlett
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
jefff@hbsslaw.com
shanas@hbsslaw.com

6
7
8
9
10

Steve W. Berman
George W. Sampson
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
Telephone:  (206) 623-7292
Facsimile:  (206) 623-0594
steve@hbsslaw.com
george@hbsslaw.com

11
12
13
14
15

Lee Gordon
HAGENS BERMAN SOBOL SHAPIRO LLP
301 North Lake Ave., Suite 203
Pasadena, CA 91101
Telephone:  (213) 330-7150
Facsimile:  (213) 330-7152
lee@hbsslaw.com

16
17

*Interim Lead Counsel for Indirect Purchaser
Plaintiffs*

18  DATED:  June 24, 2013

SAVERI & SAVERI, INC.

19
20

By _____ /s/ Guido Saveri _____
        GUIDO SAVERI

21
22
23
24
25
26

R. Alexander Saveri
Cadio Zirpoli
706 Sansome Street
San Francisco, CA 94111
Telephone: (415) 217-6810
Facsimile: (415) 217-6813
guido@saveri.com
rick@saveri.com
cadio@saveri.com

27
28

*Interim Lead Counsel for Direct Purchaser
Plaintiffs*

DATED:  June 20, 2013

ALSTON & BIRD LLP

By _____ /s/ Rodney J. Ganske _____
        RODNEY J. GANSKE

Rodney J. Ganske
Michael P. Kenny
Debra D. Bernstein
Andrew J. Tuck
1201 West Peachtree Street
Atlanta, Georgia 30309-3424
Telephone: (404) 881-7000
Facsimile: (404) 881-7777
rod.ganske@alston.com
mike.kenny@alston.com
debra.bernstein@alston.com
andy.tuck@alston.com

*Attorneys for Direct Action Plaintiffs Dell Inc. and Dell Products L.P.*

DATED:  June 24, 2013

STATE OF FLORIDA

By _____ /s/ Lizabeth A. Brady _____
        LIZABETH A. BRADY

Office of the Attorney General
State of Florida
PL-01, The Capitol
Tallahassee, Florida 32399-1050
Telephone: (850) 414-3300
Facsimile: (850) 488-9134
Liz.Brady@myfloridalegal.com

*Attorneys for Plaintiff State of Florida*

Dated:  June 24, 2013

LATHAM & WATKINS LLP

By _____ /s/ Belinda S Lee _____
        BELINDA S LEE

505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Telephone:  (415) 391-0600
Facsimile:  (415) 395-8075
belinda.lee@lw.com

1

*Counsel for Defendants Toshiba Samsung Storage*
*Technology Korea Corporation, Toshiba Samsung*
2     *Storage Technology Corporation, Toshiba*
*Corporation, and Toshiba America Information*
3     *Systems, Inc.*

4

5    DATED:  June 24, 2013       DLA PIPER LLP

6

7                 By _____/s/ David H. Bamberger_____
                       DAVID H. BAMBERGER

8

9                 500 8th Street, N.W.
                Washington, DC  20004
10               Telephone:  (202) 799-4500
                Facsimile:   (202) 799-5000
11               david.bamberger@dlapiper.com

12               *Counsel for Defendants TEAC Corporation and*
                *TEAC America Inc.*
13

14    DATED:  June 24, 2013       BAKER BOTTS L.L.P.

15

16                 By _____/s/ John Taladay_____
                       JOHN TALADAY

17

18               1299 Pennsylvania Ave NW
                Washington, DC 20004
                Telephone:  (202) 383-7199
19               Facsimile:   (202) 383-6610
                john.taladay@bakerbotts.com
20

21               *Counsel for Defendants Koninklijke Philips*
*Electronics N.V., Lite-On IT Corporation, Philips &*
22             *Lite-On Digital Solutions Corp., and Philips & Lite-*
*On Digital Solutions USA, Inc.*
23

   DATED:  June 24, 2013       BOIES SCHILLER & FLEXNER LLP
24

25                 By _____/s/ John F. Cove, Jr._____
26                       JOHN F. COVE, JR.

27               1999 Harrison Street, Suite 900
                Oakland, CA  94612
28               Telephone:  (510) 874-1000

Facsimile:   (510) 874-1460
jcove@bsfllp.com

*Counsel for Defendants Sony Corporation, Sony Optiarc America, Inc., and Sony Optiarc, Inc.*

DATED:  June 24, 2013          O'MELVENY & MYERS LLP


By _____ /s/ Ian Simmons _____
        IAN SIMMONS

1625 Eye Street, NW
Washington, DC  20006
Telephone: (202) 383-5106
Facsimile:   (202) 383-5414
isimmons@omm.com

*Counsel for Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc.*

DATED:  June 24, 2013          DICKSTEIN SHAPIRO LLP


By _____ /s/ Joel B. Kleinman _____
        JOEL B. KLEINMAN

1825 Eye Street NW
Washington, DC 20006-540
Tel:  202-420-2200
Fax:  202- 420-2201
kleinmanj@dicksteinshapiro.com

*Counsel for Defendants BenQ Corporation and BenQ America Corp.*

DATED:  June 24, 2013          WINSTON & STRAWN LLP


By _____ /s/ Robert B. Pringle _____
        ROBERT B. PRINGLE

Paul R. Griffin
Jonathan E. Swartz
101 California Street, Suite 3900
San Francisco, CA  94111

Tel:  415-591-1000
Fax:  415-591-1400
rpringle@winston.com

*Counsel for Defendant NEC Corporation*

DATED:  June 24, 2013                 WINSTON & STRAWN LLP


                                      By _____/s/ Jeffrey L. Kessler_____
                                          JEFFREY L. KESSLER


                                      200 Park Avenue
                                      New York, NY 10166
                                      Telephone: (212) 294-6700
                                      Facsimile: (212) 294-4700
                                      jkessler@dl.com

                                      *Counsel for Defendants Panasonic Corporation and*
                                      *Panasonic Corporation of North America*


DATED:  June 24, 2013                 NOVAK DRUCE CONNOLLY BOVE + QUIGG LLP


                                      By _____/s/ Minda R. Schechter_____
                                          MINDA R. SCHECHTER


                                      333 S. Grand Avenue, Suite 2300
                                      Los Angeles, CA 90071
                                      Telephone: (213) 787-2500
                                      Facsimile: (213) 687-0498
                                      minda.schechter@novakdruce.com

                                      *Attorneys for Defendants Quanta Storage Inc. and*
                                      *Quanta Storage America Inc.*


DATED:  June 24, 2013                 ROPES & GRAY LLP


                                      By _____/s/ Michelle Visser_____
                                          MICHELLE VISSER

                                      Three Embarcadero Center
                                      San Francisco, CA 94111-4006

1

Telephone: (415) 315-6300
Facsimile: (415) 315-6350
michelle.visser@ropesgray.com

2

3

*Attorneys for Defendants Hitachi-LG Data Storage,*
*Inc. and Hitachi-LG Data Storage Korea, Inc.*

4

5

6

DATED:  June 24, 2013

VINSON & ELKINS LLP

7

8

By _____/s/ Matthew J. Jacobs_____
         MATTHEW J. JACOBS

9

10

525 Market Street, Suite 2750
San Francisco, CA 94105
Telephone: (415) 979-6900
Facsimile: (415) 651-8786
mjacobs@velaw.com

11

12

13

*Attorneys for Defendant Hitachi Ltd.*

14

DATED:  June 24, 2013

JONES DAY

15

16

By _____/s/ Eric P. Enson_____
         ERIC P. ENSON

17

18

555 South Flower Street, Fiftieth Floor
Los Angeles, CA 90071
Telephone: (213) 489-3939
Facsimile: (213) 243-2539
epenson@JonesDay.com

19

20

21

*Attorneys for Defendants Pioneer North America,*
*Inc. and Pioneer Electronics (USA) Inc.*

22

23

            *        *

24

**IT IS SO ORDERED.**

25

26

DATED:    06/24/13    _____

27

HON. RICHARD SEEBORG Joseph C. Spero
UNITED STATES DISTRICT COURT JUDGE
MAGISTRATE

28

Revised Stipulated Protective Order
Case Nos. 3:10-md-2143 RS (MDL 2143)

21

# **EXHIBIT A**

## **ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____[print full name], of

_____ [print or type full address],

declare under penalty of perjury under the laws of the United States of America that I have read

in its entirety and understand the Stipulated Protective Order that was issued by the United States

District Court for the Northern District of California, San Francisco Division, in the case of IN

RE OPTICAL DISK DRIVE PRODUCTS ANTITRUST LITIGATION, No. M:10-cv-02143-

RS, MDL No. 2143.

      I agree to comply with and to be bound by all the terms of this Stipulated Protective

Order, and I understand and acknowledge that failure to so comply could expose me to sanctions

and punishment in the nature of contempt. I solemnly promise that I will not disclose in any

manner any information or item that is subject to this Stipulated Protective Order to any person

or entity except in strict compliance with the provisions of this Order.

      I further agree to submit to the jurisdiction of the United States District Court for the

Northern District of California for the purpose of enforcing the terms of this Stipulated

Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State (or Country) where sworn and signed: _____

Printed name: _____

Signature: _____

NY\5866249.2

T 510.725.3000   F 510.725.3001

# HAGENS BERMAN

RECEIVED BY THE CLERK
OFFICE OF THE CLERK
U.S. COURT OF APPEALS

2014 OCT 17 PM 12: 50

FILED
DOCKETED _____ _____
             DATE    INITIAL

Shana E. Scarlett
HAGENS BERMAN SOBOL SHAPIRO LLP
715 HEARST AVENUE, SUITE 202
BERKELEY, CA 94710
www.hbsslaw.com
Direct (510) 725-3032
shanas@hbsslaw.com

October 17, 2014

_**Via hand delivery**_

Clerk of the Court
U.S. Court of Appeals
  for the Ninth Circuit
95 7th Street
San Francisco, CA 94103

Re:   _Petition for Permission to Appeal from Order Denying Class Certification
      Pursuant to Fed. R. Civ. P. 26(f)_
      Submission of Appendix to Petition Under Seal Pursuant to Protective Order

To the Clerk of the Court:

    With this letter are four copies of the Appendix to Indirect Purchaser Plaintiffs' Petition
for Permission to Appeal from Order Denying Class Certification, and Petitioner-Plaintiffs'
Motion to File Documents Under Seal.  While the materials contained in the appendix are
required to be submitted under seal, the petition itself does not and will be filed later today via
ECF.

    If you have any questions, please contact our office at (510) 725-3000, or my direct line
at (510) 725-3032.  Thank you for your time.

                    Sincerely,

                    HAGENS BERMAN SOBOL SHAPIRO LLP

                    _S. Scarlett_

                    Shana E. Scarlett
                    Partner

SEATTLE    SAN FRANCISCO    BOSTON    CHICAGO    COLORADO SPRINGS    LOS ANGELES    MINNEAPOLIS    NEW YORK    PHOENIX    WASHINGTON, D.C.

010177-12 726501V1